UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-60928-CIV COOKE/BANDSTRA

LAUREN HINKLE

    *Plaintiff*,

v.

ASSET ACCEPTANCE, LLC,

    *Defendant*.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING REMAINING CLAIM**

THIS CASE is before me on the Defendant's Motion for Summary Judgment [D.E. 22]. I have reviewed the Parties' arguments, the record, and the relevant legal authority. For the reasons explained below, the Defendant's Motion for Summary Judgment is granted as to Count I, and Count II is remanded to State court.

**I. BACKGROUND**

On June 13, 2007, Asset Acceptance, LLC filed a lawsuit against Lauren Hinkle in the County Court for Broward County, Florida, to collect a debt. Ms. Hinkle attended a pretrial conference for that collection case on January 16, 2008. (*See* Hinkle Dep. 14:16-17, Oct. 28, 2009). On May 26, 2009, Ms. Hinkle filed this lawsuit. Ms. Hinkle alleges that the collection lawsuit, brought by Asset Acceptance, was filed outside of the statute of limitations period, and that the filing of this allegedly time-barred collection suit was a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55, *et seq.*

## II.  LEGAL STANDARDS

A lawsuit brought under the FDCPA must be filed within one year "from the date on which the violation occurs."  15 U.S.C. § 1692k(d).

A district court has "supplemental jurisdiction" over state law claims which are part of the same case or controversy as claims over which the district court has "original jurisdiction."  28 U.S.C. § 1367(a).  A district court "may decline to exercise supplemental jurisdiction over a claim" if the claim "raises a novel or complex issue of State law," or where all claims over which the district court has jurisdiction over have been dismissed.  28 U.S.C. § 1367(c).

## III.  DISCUSSION

A.  <u>Count I:  FDCPA</u>

Ms. Hinkle had notice of the collection lawsuit, brought by Asset Acceptance, no later than January 16, 2008.  Since it is the collection lawsuit that Ms. Hinkle contends is the FDCPA violation, the filing of her lawsuit against Asset Acceptance on May 26, 2009 was necessarily outside of the FDCPA  statute of limitations period.  Ms. Hinkle concedes this point in response to Asset Acceptance's motion for summary judgment, explaining that she "agrees to drop the FDCPA claims against [Asset Acceptance]."  (Pl.'s Resp. 1 [D.E. 24]).  Accordingly, summary judgment is granted in favor of Asset Acceptance as to Count I (FDCPA) of Ms. Hinkle's complaint.

B.  <u>Count II:  FCCPA</u>

Asset Acceptance argues that its actions of trying to collect Ms. Hinkle's debt through the filing of the collection lawsuit are protected by the litigation privilege, regardless of whether that lawsuit was filed outside of the statute of limitations period.  While this argument appears to have some support under existing decisional law, Ms. Hinkle distinguishes the Florida cases

cited by Asset Acceptance, and argues, in the alternative, for a modification or extension of the law in this context. Since this case presents a potentially novel or complex issue of Florida law, and since Ms. Hinkle's federal claims have been disposed of, I decline to exercise supplemental jurisdiction over her FCCPA and remand the case back to the State court.

### IV. CONCLUSION

For the reasons explained above, it is **ORDERED and ADJUDGED** that:

1. Asset Assistance LLC's Motion for Summary Judgment [D.E. 22] is **GRANTED** as to Count I of Ms. Hinkle's complaint, which was brought under the Federal Fair Debt Collection Practices Act .

2. Count II of Ms. Hinkle's complaint, which was brought under the Florida Consumer Collection Practices Act, is **REMANDED** back to the Seventeenth Judicial Circuit of Florida.

3. All pending motions (other than the Defendant's Motion for Summary Judgment [D.E. 22]) are **DENIED** as moot.

4. The Clerk is directed to take all necessary steps and procedures to effect the speedy remand of this case and transfer this file back to the Seventeenth Judicial Circuit of Florida. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers, in Miami, Florida, this 20th day of January 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*